UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER DENYING PLAINTIFF'S MOTION TO REMAND [18]; GRANTING DEFENDANTS' MOTION TO DISMISS [9]

On July 10, 2015, Plaintiff filed this action against Defendants in the Los Angeles County Superior Court. (Dkt. 1, Ex.1). Plaintiff brings claims for wrongful foreclosure, to quiet title to his property, and for violations of Cal. Civ. Code § 2923.6(d) and (e), Cal. Civ. Code § 2924.17, and Cal. Bus. & Prof. Code § 17200 *et seq*. (Compl. ¶¶ 30-68). Defendants removed this action to this Court on August 17, 2015. (Dkt. 1). For the following reasons, the Court DENIES Plaintiff's motion to remand. The Court GRANTS Defendants' motion to dismiss.[1]

**I.   Background**

Plaintiff contends that he owns a piece of property located at 27073 Alabastro Drive, Santa Clarita, California 91354. (Compl. ¶ 1). On July 31, 2007, Plaintiff obtained a mortgage loan for $650,000 from MortgageIT, Inc. with Defendant MERS as the nominal beneficiary, and Investors Title Company as the trustee. (*Id.* ¶ 8, Ex. A).

On or about September 28, 2007, MortgageIT sold Plaintiff's loan to a mortgage-backed securities trust ("DBALT 2007-3") to which Defendant HSBC serves as trustee. (*Id.* ¶ 10). Plaintiff

---

[1] Upon review of the parties' briefs, the Court concludes that the motions are suitable for determination without oral argument. Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing scheduled for Monday, October 19, 2015 is VACATED and OFF-CALENDAR.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

contends that the sale of Plaintiff's mortgage loan extinguished all interest in the mortgage formerly held by MortgageIT and Defendant MERS, its nominee. (*Id.*). Plaintiff also claims that the securitization of Plaintiff's loan did not comply with the governing trust documents and, therefore, failed. (*Id.* ¶ 15).

On February 24, 2009, MERS substituted Executive Trustee Services, LLC ("ETS") for Investors Title Company as trustee under Plaintiff's deed of trust ("SOT 1"). ETS issued a Notice of Default ("NOD") against Plaintiff. Plaintiff alleges that because MERS no longer held any interest in Plaintiff's loan, the SOT 1 and subsequent NOD were null and void. (*Id.* ¶ 16-17). On May 27, 2009, ETS recorded a Notice of Trustee's Sale ("NOTS 1") and scheduled a foreclosure sale of Plaintiff's property for June 18, 2009, which ultimately did not occur. (*Id.* ¶ 18). Plaintiff alleges that for the same reason the SOT 1 and NOD were null and void, the NOTS 1 was also null and void.

On January 14, 2010, MERS executed an Assignment of Deed of Trust to HSBC. (*Id.* ¶ 19). Plaintiff alleges that the assignment was null and void because MERS did not retain any interest in the loan after the sale of the loan to the DBALT 2007-3 Trust in 2007. (*Id.* ¶ 20).

On December 8, 2010, ETS recorded a Notice of Trustee's Sale ("NOTS 2") and scheduled a foreclosure sale for January 7, 2011, which ultimately did not take place. (*Id.* ¶ 22).

On February 21, 2012, MERS recorded a Corrective Assignment of Deed of Trust to HSBC. (*Id.* ¶ 23).

On February 26, 2014, Ocwen Loan Servicing, LLC, as servicer for HSBC, executed a Substitution of Trustee ("SOT 2") to substitute Western Progressive, LLC as trustee under Plaintiff's Deed of Trust. (*Id.* ¶ 24). On October 30, 2014, Western Progressive filed a Notice of Default against Plaintiff. (Def. Request for Judicial Notice, Ex. 1).

On May 29, 2015, Western Progressive recorded a Notice of Trustee's Sale ("NOTS 3"), scheduling a foreclosure sale for June 30, 2015. (Compl. ¶ 25). The foreclosure sale was postponed and was last set for September 23, 2015. (Opp. at 5).

Plaintiff brings claims for wrongful foreclosure, to quiet title to his property, and for violations of Cal. Civ. Code § 2923.6(d) and (e), Cal. Civ. Code § 2924.17, and Cal. Bus. & Prof. Code § 17200 *et seq*. (Compl. ¶¶ 30-68).

**II.    Motion to Remand [18]**

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

### A.   Legal Standard

Removal jurisdiction is disfavored. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, it is proper if the case could have been filed in federal court originally. 28 U.S.C. § 1441. One basis for subject matter jurisdiction is the parties' diversity of citizenship. 28 U.S.C. § 1332. If removed on diversity grounds, the parties must be completely diverse, and the amount in controversy must exceed
$75,000. *Id.*

### B.   Diversity of Western Progressive, LLC

Plaintiff's motion to remand is confined to the allegation that complete diversity does not exist because Defendant Western Progressive, LLC failed to establish its citizenship in Defendants' notice of removal.

All circuits agree that limited liability companies "have the citizenship of all their owners/members . . . for diversity of citizenship under 28 U.S.C. § 1332." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). In some cases—including this one—citizenship must be "traced through multiple levels if any of [an LLC's] members is itself a partnership or LLC." *Mut. Assignment and Indemnification Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004) (Easterbrook, J.) (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1988) (Posner, C.J.)).

The Director of Default Management Services at Western Progressive, LLC submitted a sworn declaration that Western Progressive is a Delaware limited liability company. (Grant Decl. ¶ 1). Tracing up, the sole member of Western Progressive, LLC is Altisource Solutions S.a.r.l., which is a Luxembourg entity similar to an American limited liability company. (*Id.* ¶¶ 4-5); *see also Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 924 n.2 (11th Cir. 2007) ("SARL is the French abbreviation for a term used to describe a private company similar to an American limited liability company."). Next, the sole member of Altisource Solutions S.a.r.l. is Altisource Holdings S.a.r.l., which is also a Luxembourg entity similar to an American limited liability company. (*Id.* ¶ 6). Finally, the sole member of Altisource Holdings S.a.r.l. is Altisource Portfolio Solutions S.A., which is a Luxembourg entity roughly equivalent to an American corporation. (*Id.* ¶ 7); *see also Pittway Corp. v. United States*, 88 F.3d 501, 502 (7th Cir. 1996) ("S.A" or "societe anonyme" is a "business form roughly equivalent to a U.S. corporation"). Altisource Portfolio Solutions S.A. is chartered under the laws of the Grand Duchy of Luxembourg and maintains its principal place of business within the Grand Duchy of Luxembourg.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

(Grant Decl. ¶ 7). Therefore, Altisource Portfolio Solutions S.A. is a citizen of Luxembourg for purposes of diversity. *See* 28 U.S.C.§ 1332(c). Tracing back down, it is clear to the Court that Western Progressive, LLC is a citizen of Luxembourg for purposes of diversity.

In response to Defendants' evidence demonstrating Western Progressive, LLC's citizenship, Plaintiff does not create a dispute as to Western Progressive, LLC's citizenship. Plaintiff only argues that Defendants still have not satisfied their burden of establishing that jurisdiction is proper because they have not attached Western Progressive LLC's articles of incorporation or additional supporting documentation. This claim is made without citation to any legal authority and is without merit. As Plaintiff does not dispute that the amount in controversy is satisfied or that the remaining parties are completely diverse, the Court finds jurisdiction proper and DENIES Plaintiff's motion to remand.

**C.     Request for Attorney's Fees and Costs**

As the Court finds that Defendants' removal was proper, the Court DENIES Plaintiff's request for attorney's fees and costs.

**III.     Motion to Dismiss [9]**

**A.     Legal Standard**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the claims stated in the complaint. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). Thus, "[w]hile legal conclusions can provide the complaint's framework, they must be supported by factual allegations.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

Where a complaint is dismissed, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Sharkey v. O'Neal*, 778 F.3d 767, 774 (9th Cir. 2015) (abuse of discretion to not apply *Foman* factors).

### B.   Judicial Notice

In ruling on a motion to dismiss, the Court may take judicial notice of matters of public record, provided that they are not subject to reasonable dispute. Fed. R. Evid. 201. Defendants seek judicial notice of a Notice of Default recorded on October 30, 2014 and a Notice of Rescission of Notice of Default recorded on November 26, 2014. These documents are proper subjects of judicial notice. *See, e.g.*, *Moreland v. U.S. Bank, NA*, 2015 WL 1932644, at *3 (E.D. Cal. Apr. 15, 2015). This Order notices the documents' legal effects and inferences warranted from these effects, but not facts in the documents that Plaintiff disputes. The request for judicial notice is GRANTED.

### C.   Wrongful Foreclosure, Quiet Title, Cal. Civ. Code § 2924.17

Plaintiff's claims based on wrongful foreclosure, quiet title, and Cal. Civ. Code § 2924.17 derive from Plaintiff's central theory that Defendants lack authority to foreclose on Plaintiff's property. (Pl. Opp. at 9; Compl. ¶ 50).

#### 1.   Plaintiff's claims are not plausible on their face

Plaintiff alleges two bases for how Defendants lack standing to foreclose on Plaintiff's property. First, Plaintiff alleges that the sale of Plaintiff's loan to the DBALT 2007-3 Trust in 2007 "completely extinguished all interest in the loan formerly held by MortgageIT and MERS." (Pl. Opp. at 8). Therefore, Plaintiff alleges that MERS's 2010 assignment of the Deed of Trust to HSBC was invalid because MERS no longer had any interest in the loan. Second, Plaintiff alleges that HSBC never

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

received effective assignment of Plaintiff's loan in 2007 because the securitization process violated the governing trust documents and, therefore, failed. (Pl. Opp. at 10-11). Therefore, Plaintiff alleges that Ocwen's[2] substitution of Western Progressive as trustee in February 2014 and all subsequent foreclosure documents filed by Western Progressive are null and void.

The Court finds these allegations implausible for both factual and logical reasons.

First, Plaintiff's Deed of Trust, which Plaintiff attached to his Complaint as Exhibit A, explicitly permits MERS to act "as a nominee for Lender and Lender's successors and assigns." (*See* Compl., Ex. A). Moreover, the Deed of Trust states that: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests." (*Id.*). Plaintiff does not address the governing language in his Deed of Trust and alleges, in conclusory fashion, that MERS lost its authority as a nominee for Lender's successors and assigns following the sale of Plaintiff's loan to the DBALT 2007-3 Trust. In light of the governing language in the Deed of Trust, the Court finds that Plaintiff's claim is factually implausible.

Second, the Court finds that Plaintiff's allegations are inconsistent with each other. The court in *Banares v. Wells Fargo Bank, N.A.* heard an identical claim and reasoned that:

> Plaintiff's assertion that the 2007 assignment of the Loan to the Trust was ineffective yet at the same time effected its sale, so that "the true beneficiary of Plaintiff's loan is currently unknown" and "title of the Subject Property [should] be vested in Plaintiff alone, as owner in fee simple," defies common sense. Either the Loan, with its security interest, was transferred in 2007 to HSBC, in which case HSBC is the beneficiary, or it was not, in which case Wells Fargo retained the beneficial interest which it could have assigned in 2013. Even if neither assignment was effective, Wells Fargo would still own the security interest. There is no possibility that Plaintiff is entitled to unencumbered title to the Property."

2014 WL 985532, at *3 (N.D. Cal. Mar. 7, 2014). In the present case, the Court also finds Plaintiff's allegations inconsistent and, therefore, implausible. Either the 2007 sale of Plaintiff's loan to the DBALT 2007-3 Trust was effective, in which case HSBC is the beneficiary, or it was not effective and

---

[2] Ocwen Loan Servicing, LLC is the loan servicer for HSBC.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

MERS retained the beneficial interest which it assigned to HSBC in 2010 (and in a Corrective Assignment in 2012).

Finally, Plaintiff analogizes his case to *Subramani v. Wells Fargo Bank, N.A.*, 2013 WL 5913789 (N.D. Cal. Oct. 31, 2013), where the court denied the defendant's motion to dismiss because the plaintiff did not rely solely on violations of the securitization of his loan, but also on the allegation that the defendant's sale of plaintiff's deed of trust precluded the defendant from retaining a beneficial interest in the loan. (Opp. at 8). The Court finds *Subramani* inapposite for the following reasons. First, in *Subramani*, the record was inconsistent as to the identity of the trustee under the deed of trust. Different entities began to issue notices of default against the plaintiff without any intervening substitutions. Therefore, the court found it unclear which of the purported trustees was the actual trustee that could issue a notice of default. Second, the entity seeking to foreclose was not the entity that had purchased the loan. Third, the plaintiff alleged that the initial assignment of the loan into the trust violated California law in addition to the governing trust documents. Therefore, on these grounds, the court found the plaintiff had stated a plausible claim for wrongful foreclosure.

As these grounds are not present here, *Subramani* is unavailing to Plaintiff.

## 2. Plaintiff does not have standing to challenge the securitization process

Although the implausibility and inconsistency of Plaintiff's allegations are sufficient to dismiss Plaintiff's claims, the Court also notes that Plaintiff cannot rely on any theory that HSBC never received effective assignment of Plaintiff's loan because certain transactions in the securitization process violated the governing trust documents. (Pl. Opp. at 10).

As Defendants correctly point out, third-party borrowers lack standing to assert claims based on defects in the assignment of the loan because the borrowers have not suffered an injury in fact. *See Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013) ("As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions."). The Ninth Circuit has held that "[a]s a borrower, [Plaintiff] does not have standing under California law to challenge irregularities in the assignment of her Note or Deed of Trust because those instruments are negotiable and her obligations thereunder remain unchanged even if her creditor changes." *Christie v. Bank of New York Mellon, N.A.*, 2015 WL 3621870, at *1 (9th Cir. June 11, 2015).

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

To the extent that Plaintiff relies on *Glaski v. Bank of America, N.A.*, 218 Cal. App. 4th 1079 (2013), that case has been heavily criticized in this circuit and the Court follows the majority of cases concluding that a borrower such as Plaintiff lacks standing to challenge irregularities in the securitization of his note. *See Hernandez*, 2015 WL 3914741, at *5 (C.D. Cal. June 25, 2015); *Moran v. GMAC Mortg., LLC*, 2014 WL 3853833 (N.D. Cal. Aug. 5, 2014); *In re Davies*, 565 Fed. Appx. 630 (9th Cir. Mar. 24, 2014).

Therefore, Plaintiff does not have standing to pursue claims based on any deficiency in the securitization process.

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims under wrongful foreclosure, quiet title, and Cal. Civ. Code § 2924.17.

### D.     Cal. Civ. Code § 2923.6(d), (e)

Cal. Civ. Code § 2923.6(d) provides a borrower 30 days to appeal a denial of a loan modification. Cal. Civ. Code § 2923.6(e) prohibits a loan servicer from recording a notice of default or a notice of sale, and from conducting a trustee's sale, while an appeal is pending.

Plaintiff alleges that Defendant Ocwen denied Plaintiff's loan modification application on June 9, 2015, that Plaintiff filed a timely appeal on July 9, 2015, and that Ocwen had not rendered a decision on the appeal but scheduled a trustee's sale of Plaintiff's property nevertheless. (Compl. ¶ 58). Plaintiff contends these acts were in violation of Cal. Civ. Code § 2923.6(d) and (e).

The Complaint does not allege that Defendants recorded a notice of default or notice of sale, or that Defendants conducted a foreclosure sale, while Plaintiff's appeal was pending. Rather, Plaintiff only contends that Defendants scheduled a trustee's sale.[3] Therefore, the Court GRANTS Defendants' motion to dismiss Plaintiff's claims under Cal. Civ. Code § 2923.6(d) and (e).

### E.     Cal. Bus. & Prof. Code § 17200

In order to plead a claim under the UCL, Plaintiff must show that a predicate law has been

---

[3] Defendants contend that they have continuously rescheduled the foreclosure sale to permit Plaintiff's appeal to be reviewed and to comply with the statute. (Def. Rep. at 8).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:15-cv-06268-SVW-AFM | Date | October 13, 2015 |
|---|---|---|---|
| Title | *Abano v. Ocwen Loan Servicing, LLC et al* | | |

violated. As all of Plaintiff's claims have been dismissed, the Court must also GRANT Defendants' motion to dismiss Plaintiff's UCL claim.

**IV.     Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. If Plaintiff is able to cure the deficiencies outlined above, Plaintiff may file an amended complaint within twenty (20) days of the date of this Order.

Plaintiff may not plead new claims. Should the scope of any amendment exceed the scope of leave to amend granted by this Order, the Court will strike the offending portions of the pleading under Rule 12(f). *See* Fed. R. Civ. P. 12(f).

|  | : |
|---|---|
| Initials of Preparer | PMC |